UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN CATHERINE SLOAN,

       Petitioner,                             Criminal No. 98-80580

v.                                          Civil No. 03-73459

UNITED STATES OF AMERICA,           Hon. John Corbett O'Meara

       Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S MOTIONS
TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner, Shawn Catherine Sloan, filed a motion for relief from judgment on February 14, 2005.  On March 22, 2006, the court ordered the government to submit a response.  The government filed its response on April 11, 2006.  Petitioner also filed a motion to correct her sentence pursuant to 28 U.S.C. § 2255 on July 22, 2004.

On March 23, 2000, Petitioner was convicted of conspiracy and money laundering in connection with her role in a stolen air bag business.  The court sentenced Petitioner on July 14, 2000, to 135 months in prison.  Petitioner appealed her conviction and sentence, which were affirmed by the Court of Appeals for the Sixth Circuit on May 6, 2002.  Petitioner submitted a motion to vacate her sentence pursuant to 28 U.S.C. § 2255 on September 10, 2003.  The court denied Petitioner's motion to vacate on March 4, 2004.  Petitioner filed a second § 2255 motion on July 22, 2004, which seeks relief based upon the Supreme Court's ruling in <u>Blakely v. Washington</u>, 124 S.Ct. 2431 (2004).

Petitioner has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file a

second § 2255 motion.  Accordingly, this court lacks jurisdiction to consider Petitioner's second

§ 2255 motion and will transfer it to the Court of Appeals for the Sixth Circuit. "[W]hen a

second or successive petition for habeas corpus relief or § 2255 motion is filed in the district

court without § 2244(b)(3) authorization from this court, the district court shall transfer the

document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

In her motion for relief from judgment pursuant to Rule 60(b), Petitioner seeks to reopen

her initial habeas proceeding because its integrity "has been seriously undermined."  Petitioner

contends that her habeas counsel was ineffective because he failed to consult with her before

filing the petition.  Petitioner also argues that her habeas counsel, who was her attorney on

appeal, never informed her that he was precluded from arguing that her appellate counsel was

ineffective in the habeas petition.

Petitioner contends that if she had effective counsel, she would have raised the following

claims: (1) whether her trial counsel failed to properly inform her of the risks of proceeding to

trial; (2) whether trial and appellate counsel were ineffective in failing to argue that the sentence

for laundering money exceeded the offense; (3) whether trial and appellate counsel were

ineffective for failing to argue that Petitioner's sentence should have been determined on the net

proceeds of the alleged criminal activity instead of the gross proceeds; (4) whether appellate

counsel was ineffective in failing to argue that a downward departure was appropriate, based

upon her involvement with her codefendant; (5) whether trial and appellate counsel were

ineffective for failing to argue that Petitioner's Sixth Amendment right to confrontation had been

violated; and (6) whether trial and appellate counsel were ineffective for failing to argue that

Petitioner's sentence violated her Sixth Amendment right to a jury determination of any fact that

increased her sentence.

As a threshold matter, the court must determine whether Petitioner's motion is properly

brought pursuant to Rule 60(b) or whether it should be construed as a successive § 2255 motion.

See Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005) (noting that "§ 2244(b)(3) allocates

subject matter jurisdiction to the court of appeals, rather than the district court, in the first

instance, over a second or successive habeas petition"); 28 U.S.C. § 2255.  The court should

construe the motion as a habeas petition if "it attacks the federal court's previous resolution of a

claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is

effectively indistinguishable from alleging that the movant is, under the substantive provisions of

the statutes, entitled to habeas relief." Gonzales v. Crosby, 125 S.Ct. 2641, 2648 (2005)

(applying § 2254).  On the other hand, a proper Rule 60(b) motion "attacks, not the substance of

the federal court's resolution of a claim on the merits, but some defect in the integrity of the

federal habeas proceedings." Id.

The Supreme Court has noted that "an attack based on the movant's own conduct, or his

habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in

effect asks for a second chance to have the merits determined favorably." Id. at 2648 n.5

(emphasis added).  Similarly, the Sixth Circuit has held that a Rule 60(b) motion alleging

ineffective assistance of habeas counsel should be construed as a second or successive habeas

petition. See Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir. 2005).  In Post, the petitioner

claimed that his habeas attorneys were ineffective because they failed to undertake discovery

after obtaining permission to do so from the district court.  In ruling that Post's Rule 60(b)

motion was actually a second or successive habeas petition, the court explained that "[i]t makes

no difference that the motion itself does not attack the district court's substantive analysis of

those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings,

namely his counsel's failure – after obtaining leave to pursue discovery – actually to undertake

that discovery; all that matters is that Post is 'seek[ing] vindication of' or 'advanc[ing]' a claim

by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas

petition." Id. at 424-25 (citing Gonzalez, 125 S.Ct. at 2647-48).

In this case, Petitioner is, in effect, seeking a second chance to have the merits of her

habeas petition determined favorably. See Gonzalez, 125 S.Ct. at 2648 n.5.  Therefore,

Petitioner's Rule 60(b) motion is properly construed as a successive § 2255 petition.  Petitioner

has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file such a motion.

Accordingly, this court lacks jurisdiction to consider Petitioner's third § 2255 motion and will

transfer it to the Court of Appeals for the Sixth Circuit. See In re Sims, 111 F.3d 45, 47 (6th Cir.

1997).

IT IS HEREBY ORDERED that Petitioner's July 22, 2004 motion to correct sentence

[docket # 394] and Petitioner's February 14, 2005 motion for relief from judgment [docket #

400] are TRANSFERRED to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §

1631.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  May 19, 2006